UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. GEORGE SWEIGERT,

               Plaintiff,

           -against-

DRUG ENFORCEMENT
ADMINISTRATION, NEW YORK STATE
EDUCATION DEPT.,

              Defendants.

26-CV-01342 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, and the New York State Freedom of Information Law ("FOIL"), N.Y. Pub. Off. Law §§ 84 to 90,[1] seeking documents allegedly in the possession of the Drug Enforcement Administration ("DEA") and the New York State Education Department ("NYSED") and naming the DEA and NYSED as Defendants. The DEA is headquartered in Springfield, Virginia, and the NYSED in Albany, New York. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of Virginia.

**DISCUSSION**

**A.     FOIA**

A claim under FOIA may be brought "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District

---

[1] Plaintiff cites N.Y. Comp. Codes. R. & Regs. tit. 21 §§ 1401 *et seq.*, which set out the procedures for obtaining records under FOIL.

of Columbia." 5 U.S.C. § 552(a)(4)(B). For venue purposes, an individual resides in the district where the person is "domiciled." 28 U.S.C. § 1391(c)(1).

Plaintiff seeks records from the DEA, located in Springfield, Virginia, which is in Fairfax County; therefore, venue for Plaintiff's FOIA claim could be proper in the Eastern District of Virginia. *See Ramirez v. Bondi*, No. 25-CV-10502 (LTS), 2025 WL 3755669, at *1 (S.D.N.Y. Dec. 23, 2025) (noting that Fairfax County is located in the Eastern District of Virginia, citing 28 U.S.C. § 127(a)). The District of Columbia is also a proper venue for any FOIA matter. 5 U.S.C. § 552(a)(4)(B). But no allegations in the complaint suggest that the Southern District of New York is a proper venue. First, Plaintiff states in the complaint that he resides in Box Elder, South Dakota, thus making the District of South Dakota—not this district—a proper venue. Second, though the complaint asserts that Plaintiff's place of business is in this district, it alleges no facts that plausibly suggest that this is so. For example, Plaintiff does not provide an address for his place of business. Finally, the complaint also fails to plead facts that suggest that the sought records are situated here.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. In the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of Virginia because the DEA's records are situated in the Eastern District of Virginia.

**B.   FOIL**

Because this action is being transferred, the transferee court will determine whether it will exercise supplemental jurisdiction of Plaintiff's claims against NYSED under FOIL. *See* 28 U.S.C. §1367(c)(3), *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Virginia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 13, 2026
          New York, New York

                                        /s/Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

3